**E-FILED**
Tuesday, 28 March, 2017  02:48:10 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JON MEDLEY, | Case No. 17-cv-2073 |
| and | **COMPLAINT** |
| ANN MEDLEY, | (JURY TRIAL DEMANDED) |
| and | |
| AFC LOGISTICS, INC. | |
| Plaintiffs, | |
| v. | |
| TODD ANDERSON, | |
| and | |
| THE PAPER CORPORATION | |
| Defendants. | |

PLAINTIFFS Jon Medley, Ann Medley, and AFC Logistics, Inc., by and through undersigned counsel, hereby bring suit against Defendants, Todd Anderson and The Paper Corporation, for causes of action as follows:

## PARTIES

1.      Plaintiff, Jon Medley ("Jon"), is an individual domiciled at 3953 Electra Court, Lafayette, Indiana 47905.

2.      Plaintiff, Ann Medley ("Ann"), is an individual and the wife of Jon Medley, domiciled at 3953 Electra Court, Lafayette, Indiana 47905.

3.      Plaintiff, AFC Logistics, Inc. ("AFC Logistics"), is an Indiana corporation with a principal place of business at 4 N. New York Street, Remington, IN 47977.

4.      Defendant, Todd Anderson, is an individual domiciled at 410 County Avenue, Sheldahl, IA 50243.

5.      Defendant, The Paper Corporation, is a corporation formed and operating under the laws of the State of Iowa, with its principal place of business located at 1770 NE 58th Avenue, Des Moines, IA 50302, and, upon information and belief, doing systematic business in Illinois.

## JURISDICTION AND VENUE

6.      Personal jurisdiction is vested with this Court, as the incident at issue occurred in Decatur, Illinois while all parties at issue were willingly and lawfully present to conduct and engage in interstate commerce.

7.      Subject matter jurisdiction is vested with this Court pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000 and there exists complete diversity of citizenship between Plaintiffs and Defendants.

8.      Venue is proper in this Court, as the cause of action arose in this district.

## STATEMENT OF FACTS

9.      At all times relevant hereto, Jon was employed by AFC Logistics as a commercial truck driver.

10.      As part of his employment duties at AFC Logistics, Jon was responsible for delivering wooden pallets to various customers of AFC Logistics, including but not limited to ADM Bio Products in Decatur, Illinois.

11.     At all times relevant hereto, defendant Todd Anderson was employed by The Paper Corporation as a commercial truck driver.

12.     Upon information and belief, part of defendant Todd Anderson's employment duties at The Paper Corporation included delivering products manufactured and sold by The Paper Corporation to various customers, including but not limited to ADM Bio Products in Decatur, Illinois.

13.     On or about March 30, 2015, Jon was completing a delivery of wooden pallets to ADM Bio Products, located at 3883 East Faries Parkway in Decatur, Illinois.  At the time of this delivery, Jon had parked the AFC Logistics Tractor-Trailer in Shipping Dock 5 of ADM Bio Products' facility.

14.     Upon information and belief, Jon arrived at ADM Bio Products' facility around 11:30 am, and parked the AFC Logistics Tractor-Trailer in Shipping Dock 5 immediately upon his arrival.

15.     Upon information and belief, the load of wooden pallets going to ADM Bio Products was offloaded from the AFC Logistics Tractor-Trailer sometime around 1:00 pm.

16.     While the load of wooden pallets was being offloaded from the AFC Logistics Tractor-Trailer on March 30, 2015, Jon remained inside said Tractor-Trailer.

17.     Upon receiving confirmation that the load of wooden pallets had been offloaded from the AFC Logistics Tractor-Trailer, Jon proceeded out of the driver's side door of the AFC Logistics Tractor-Trailer to remove the wheel chocks from the front trailer axle wheels before going into the Shipping Dock/Receiving Area to retrieve the signed Bill of Lading for the delivery.

18.     After removing the wheel chock from the front driver's side wheel, Jon proceeded over to the passenger side to remove the other wheel chock when he first observed the 2011 Freightliner Fleet Tractor-Trailer, Iowa License Plate No. SF2799, (hereinafter "the Freightliner Fleet Tractor-Trailer) being backed into Shipping Dock 4 by defendant Todd Anderson.

19.     Upon information and belief, the Freightliner Fleet Tractor-Trailer was provided to defendant Todd Anderson by defendant The Paper Corporation for the purposes of completing his job duties, including but not limited to the delivery of The Paper Corporation products to various customers through interstate commerce.

20.     Upon information and belief, the Freightliner Fleet Tractor-Trailer did not have any back up alarms or other devices to warn when said Tractor-Trailer was traveling in reverse.

21.     While removing the wheel chock from the front passenger side of the AFC Logistics Tractor-Trailer, Jon heard a scraping, metal-on-metal noise that led him to believe defendant Todd Anderson struck the AFC Logistics Tractor-Trailer with the Freightliner Fleet Tractor-Trailer.

22.     Jon then observed defendant Todd Anderson pull the Freightliner Fleet Tractor-Trailer forward and stop as Jon was walking in front of the AFC Logistics Tractor-Trailer to assess any potential damage on the driver's side of said Tractor-Trailer.

23.     The purpose in Jon conducting an inspection of the AFC Logistics Tractor-Trailer was to determine if any damage was sustained that may have rendered the Tractor-Trailer inoperable or posed a danger to those in the vicinity.

24.     Upon arriving at the AFC Logistics Tractor-Trailer, Jon set about inspecting said Tractor-Trailer for any damage that may render the Tractor-Trailer inoperable or pose a danger to those in the vicinity.

25.     Unbeknownst to Jon, and without warning, defendant Todd Anderson proceeded to make a second attempt at backing up the Freightliner Fleet Tractor-Trailer into Shipping Dock 4 while Jon was standing immediately next to the AFC Logistics Tractor-Trailer, but within the ample clearance space separating Shipping Dock 4 from Shipping Dock 5.

26.     Suddenly, and without warning, the Freightliner Fleet Tractor-Trailer operated by defendant Todd Anderson pinned Jon against the AFC Logistics Tractor-Trailer, thereby crushing Jon between the two Tractor-Trailers.

27.     Jon immediately began to scream out in pain in an effort to get the attention of defendant Todd Anderson, who appeared to otherwise be unaware of Jon's presence and injury.

28.     Upon information and belief, defendant Todd Anderson only became aware of Jon's presence/injury/screaming when another driver in the Shipping Dock area alerted him to same.

29.     Shortly after defendant Todd Anderson moved the Freightliner Fleet Tractor-Trailer forward and freed Jon from being pinned against his Tractor-Trailer, Jon was taken by ambulance to Decatur Memorial Hospital for treatment, before being transferred to St. Vincent Hospital.

30.     As a direct and proximate result of being pinned and crushed by defendant Todd Anderson as he was driving the Freightliner Fleet Tractor-Trailer, Jon sustained numerous serious injuries, including but not limited to a left sacroiliac joint fracture, right acetabular fracture, right superior and inferior pubic rami fractures, right iliac wing fracture, right humerus shaft fracture, two (2) left rib fractures, two (2) displaced left ribs, left L4/L5 transverse process fracture, and a coccyx fracture.

31.     As a direct and proximate result of the severe and permanent injuries set forth in Paragraph 30, Jon was forced to miss significant time from work while he treated and recovered from said injuries.

32.     As a direct and proximate result of the severe and permanent injuries set forth in Paragraph 30, Jon has incurred extreme and excruciating pain, and has not lived a pain-free day since March 30, 2015.

33.     As a direct and proximate result of the severe and permanent injuries set forth in Paragraph 30, Jon now has physical limitations that prevent him from working as a Tractor-Trailer driver and otherwise caused him to suffer a reduced earnings capacity for the remainder of his work life, as well as impacting his ability to engage in usual duties and affairs, including but not limited to activities of daily living.

34.     As a direct and proximate result of the severe and permanent injuries set forth in Paragraph 30, Ann has been required to perform tasks around the marital home and for Jon that she was otherwise not required to do prior to Jon's March 30, 2015 injuries.  These tasks include, but are not limited to, driving Jon to and from doctors' appointments, taking Jon to the bathroom in the middle of the night, washing Jon, and dressing Jon.

35.     As a direct and proximate result of the severe and permanent injuries set forth in Paragraph 30, Ann has been deprived, and is reasonably certain to be deprived in the future, of the society, companionship, and conjugal relationship with her husband, Jon Medley.

36.     As a direct and proximate result of defendant Todd Anderson driving the Freightliner Fleet Tractor-Trailer into and pinning Jon against the stationary AFC Logistics Tractor-Trailer, the AFC Logistics Tractor-Trailer sustained damage to its left fender, left cab fender, and lower left step on driver's side.

37.    As a direct and proximate result of defendant Todd Anderson driving the Freightliner Fleet Tractor-Trailer into and pinning Jon against the stationary AFC Logistics Tractor-Trailer, AFC Logistics was not able to drive the AFC Logistics Tractor-Trailer due to the damage identified in Paragraph 36.

38.    As a direct and proximate result of defendant Todd Anderson driving the Freightliner Fleet Tractor-Trailer into and pinning Jon against the stationary AFC Logistics Tractor-Trailer, AFC Logistics was required to rent a replacement Tractor-Trailer while the AFC Logistics Tractor-Trailer was being repaired, and to secure a temporary driver to cover/handle Jon's delivery assignments.

39.    As a direct and proximate result of his injuries, Jon, Ann and AFC Logistics have been caused to sustain damages in excess of $75,000.00 due to past and future medical expenses, past and future loss of income, severe physical and emotional pain, loss of consortium, and property damage.

## COUNT I – NEGLIGENCE
## JON MEDLEY v. TODD ANDERSON

40.    Plaintiff incorporates by reference the facts and allegations contained in paragraphs 1 through 39, as though set forth fully herein.

41.    At all times relevant hereto, defendant Todd Anderson was charged with the duty to use reasonable care in driving, operating, maneuvering, and otherwise controlling in a safe manner the 2011 Freightliner Fleet Tractor-Trailer, Iowa License Plate No. SF2799, (hereinafter "the Freightliner Fleet Tractor-Trailer) that was provided to him by The Paper Corporation for purposes of delivering goods.

42.     Defendant Todd Anderson negligently, carelessly, and/or recklessly breached its duty of reasonable care by committing one or more of the following acts and/or omissions:

(a)     Failing to keep an adequate, careful and proper lookout for other vehicles and/or pedestrians while driving, operating, maneuvering and/or controlling a vehicle on all public and private areas;

(b)     Failing to drive, operate, maneuver and/or control his vehicle in such a manner so as to avoid striking other vehicles, pedestrians and stationary objects, including open and obvious Tractor-Trailers;

(c)     Failing to ensure that there are no vehicles, pedestrians and/or stationary objections positioned in the path of travel of the Freightliner Fleet Tractor-Trailer before initiating down that path;

(d)     Failing to maintain proper control of the Freightliner Fleet Tractor-Trailer;

(e)     Operating the Freightliner Fleet Tractor-Trailer at an excessively high rate of speed;

(f)     Operating the Freightliner Fleet Tractor-Trailer at an unreasonable rate of speed under prevailing conditions;

(g)     Failing to operate the Freightliner Fleet Tractor-Trailer in a reasonable and safe manner;

(h)     Failing to comply with all laws and regulations set forth by the State of Illinois, United States Department of Transportation, and all other regulatory/governing bodies regarding proper, careful and safe operation of a tractor-trailer; and

(i)     Other such negligence as further discovery may reveal.

43.     As a direct and proximate result of defendant Todd Anderson's breach of his duties, Plaintiff Jon Medley sustained significant physical injuries.

44.     As a direct and proximate result of defendant Todd Anderson's breach of his duties, Plaintiff Jon Medley has been caused to suffer damages as set forth above.

WHEREFORE, Plaintiff Jon Medley, Ann Medley and AFC Logistics, Inc. demands judgment in his favor and against defendant Todd Anderson in excess of $75,000.00, together with interest, costs, and all other relief deemed appropriate by this Court.

### COUNT II – NEGLIGENCE
### *Respondeat Superior*
### JON MEDLEY v. THE PAPER CORPORATION

45.     Plaintiff incorporates by reference the facts and allegations contained in paragraphs 1 through 39, as though set forth fully herein.

46.     Defendant The Paper Corporation is directly and/or vicariously liable for the negligence acts and/or omissions of its employees, agents and/or representatives, including defendant Todd Anderson, while acting within the course and scope of their employment and/or agency with The Paper Corporation.

47.     At all times relevant hereto, defendant The Paper Corporation, acting through its employee, agent and/or representative Todd Anderson, owed a duty to the public, including Jon Medley, to exercise reasonable care and to operate the Freightliner Fleet Tractor-Trailer in a safe, reasonable and lawful manner.

48.     At all times relevant hereto, defendant The Paper Corporation, acting through its employee, agent and/or representative Todd Anderson negligently, carelessly, and/or recklessly breached its duty of reasonable care by committing one or more of the following acts and/or omissions:

> (a)     Failing to keep an adequate, careful and proper lookout for other vehicles and/or pedestrians while driving, operating, maneuvering and/or controlling a vehicle on all public and private areas;

(b)     Failing to drive, operate, maneuver and/or control his vehicle in such a manner so as to avoid striking other vehicles, pedestrians and stationary objects, including open and obvious Tractor-Trailers;

(c)     Failing to ensure that there are no vehicles, pedestrians and/or stationary objections positioned in the path of travel of the Freightliner Fleet Tractor-Trailer before initiating down that path;

(d)     Failing to maintain proper control of the Freightliner Fleet Tractor-Trailer;

(e)     Operating the Freightliner Fleet Tractor-Trailer at an excessively high rate of speed;

(f)     Operating the Freightliner Fleet Tractor-Trailer at an unreasonable rate of speed under prevailing conditions;

(g)     Failing to operate the Freightliner Fleet Tractor-Trailer in a reasonable and safe manner;

(h)     Failing to comply with all laws and regulations set forth by the State of Illinois, United States Department of Transportation, and all other regulatory/governing bodies regarding proper, careful and safe operation of a tractor-trailer; and

(i)     Other such negligence as further discovery may reveal.

49.     As a direct and proximate result of defendant Todd Anderson's breach of his duties, Plaintiff Jon Medley sustained significant physical injuries.

50.     As a direct and proximate result of defendant Todd Anderson's breach of his duties, Plaintiff Jon Medley has been caused to suffer damages as set forth above.

WHEREFORE, Plaintiff Jon Medley, Ann Medley and AFC Logistics, Inc. demands judgment in his favor and against defendant Todd Anderson in excess of $75,000.00, together with interest, costs, and all other relief deemed appropriate by this Court.

-10-

## COUNT III – NEGLIGENCE
### *Negligent Retention and Training*
### JON MEDLEY v. THE PAPER CORPORATION

51.     Plaintiff incorporates by reference the facts and allegations contained in paragraphs 1 through 39, as though set forth fully herein.

52.     At all times relevant hereto, The Paper Corporation owed a duty to the public, including Jon Medley, to use reasonable care in hiring, training and supervising its Tractor-Trailer drivers, including but not limited to defendant Todd Anderson and to entrust its Tractor-Trailers to drivers who possess adequate training and experience.

53.     At all times relevant hereto, The Paper Corporation negligently, carelessly, and/or recklessly breached its duty of reasonable care by committing one or more of the following acts and/or omissions:

    (a)     Negligently hiring, training, supervising and/or retaining Todd Anderson;

    (b)     Negligently entrusting the Freightliner Fleet Tractor-Trailer to Todd Anderson;

    (c)     Failing to ensure that Todd Anderson had adequate qualifications, experience and training to operate the Freightliner Fleet Tractor-Trailer in an active loading dock;

    (d)     Other such negligence as further discovery may reveal.

54.     As a direct and proximate result of defendant The Paper Corporation's breach of its duties, Plaintiff Jon Medley sustained significant physical injuries.

55.     As a direct and proximate result of defendant The Paper Corporation's breach of its duties, Plaintiff Jon Medley has been caused to suffer damages as set forth above.

-11-

WHEREFORE, Plaintiff Jon Medley, Ann Medley and AFC Logistics, Inc. demands judgment in his favor and against defendant The Paper Corporation in excess of $75,000.00, together with interest, costs, and all other relief deemed appropriate by this Court.

### COUNT IV – LOSS OF CONSORTIUM
### <u>ANN MEDLEY v. TODD ANDERSON & THE PAPER CORPORATION</u>

56.     Plaintiff incorporates by reference the facts and allegations contained in paragraphs 1 through 39, as though set forth fully herein.

57.     At all times relevant hereto, defendant Todd Anderson was charged with the duty to use reasonable care in driving, operating, maneuvering, and otherwise controlling in a safe manner the 2011 Freightliner Fleet Tractor-Trailer, Iowa License Plate No. SF2799, (hereinafter "the Freightliner Fleet Tractor-Trailer) that was provided to him by The Paper Corporation for purposes of delivering goods.

58.     At all times relevant hereto, defendant The Paper Corporation is directly and/or vicariously liable for the negligence acts and/or omissions of its employees, agents and/or representatives, including defendant Todd Anderson, while acting within the course and scope of their employment and/or agency with The Paper Corporation.

59.     At all times relevant hereto, defendant The Paper Corporation owed a duty to the public, including but not limited to Ann Medley, to use reasonable care in hiring, training and supervising its Tractor-Trailer drivers, including but not limited to defendant Todd Anderson and to entrust its Tractor-Trailers to drivers who possess adequate training and experience.

60.     At all times relevant hereto, defendants Todd Anderson and The Paper Corporation negligently, carelessly, and/or recklessly breached their duty of reasonable care by committing one or more of the following acts and/or omissions:

(a)     Failing to keep an adequate, careful and proper lookout for other vehicles and/or pedestrians while driving, operating, maneuvering and/or controlling a vehicle on all public and private areas;

(b)     Failing to drive, operate, maneuver and/or control his vehicle in such a manner so as to avoid striking other vehicles, pedestrians and stationary objects, including open and obvious Tractor-Trailers;

(c)     Failing to insure that there are no vehicles, pedestrians and/or stationary objections positioned in the path of travel of the Freightliner Fleet Tractor-Trailer before initiating down that path;

(d)     Failing to maintain proper control of the Freightliner Fleet Tractor-Trailer;

(e)     Operating the Freightliner Fleet Tractor-Trailer at an excessively high rate of speed;

(f)     Operating the Freightliner Fleet Tractor-Trailer at an unreasonable rate of speed under prevailing conditions;

(g)     Failing to operate the Freightliner Fleet Tractor-Trailer in a reasonable and safe manner;

(h)     Negligently hiring, training, supervising and/or retaining Todd Anderson;

(i)     Negligently entrusting the Freightliner Fleet Tractor-Trailer to Todd Anderson;

(j)     Failing to ensure that Todd Anderson had adequate qualifications, experience and training to operate the Freightliner Fleet Tractor-Trailer in an active loading dock;

(k)     Failing to comply with all laws and regulations set forth by the State of Illinois, United States Department of Transportation, and all other regulatory/governing bodies regarding proper, careful and safe operation of a tractor-trailer; and

(l)     Other such negligence as further discovery may reveal.

-13-

61.     As a direct and proximate result of defendants Todd Anderson and The Paper Corporation's breach of their duties, Plaintiff Ann Medley has been deprived and is reasonably certain to be deprived in the future of the society, companionship, and conjugal relationship with her husband, Plaintiff Jon Medley.

62.     As a direct and proximate result of defendants Todd Anderson and The Paper Corporation's breach of their duties, Plaintiff Ann Medley has been caused to suffer damages as set forth above.

WHEREFORE, Plaintiff Jon Medley, Ann Medley and AFC Logistics, Inc. demands judgment in his favor and against defendant The Paper Corporation in excess of $75,000.00, together with interest, costs, and all other relief deemed appropriate by this Court.

## COUNT V – NEGLIGENCE
## AFC LOGISTICS, INC. v. TODD ANDERSON

63.     Plaintiff incorporates by reference the facts and allegations contained in paragraphs 1 through 39, as though set forth fully herein.

64.     At all times relevant hereto, defendant Todd Anderson was charged with the duty to use reasonable care in driving, operating, maneuvering, and otherwise controlling in a safe manner the 2011 Freightliner Fleet Tractor-Trailer, Iowa License Plate No. SF2799, (hereinafter "the Freightliner Fleet Tractor-Trailer) that was provided to him by The Paper Corporation for purposes of delivering goods.

65.     Defendant Todd Anderson negligently, carelessly, and/or recklessly breached its duty of reasonable care by committing one or more of the following acts and/or omissions:

-14-

(a)    Failing to keep an adequate, careful and proper lookout for other vehicles and/or pedestrians while driving, operating, maneuvering and/or controlling a vehicle on all public and private areas;

(b)    Failing to drive, operate, maneuver and/or control his vehicle in such a manner so as to avoid striking other vehicles, pedestrians and stationary objects, including open and obvious Tractor-Trailers;

(c)    Failing to ensure that there are no vehicles, pedestrians and/or stationary objections positioned in the path of travel of the Freightliner Fleet Tractor-Trailer before initiating down that path;

(d)    Failing to maintain proper control of the Freightliner Fleet Tractor-Trailer;

(e)    Operating the Freightliner Fleet Tractor-Trailer at an excessively high rate of speed;

(f)    Operating the Freightliner Fleet Tractor-Trailer at an unreasonable rate of speed under prevailing conditions;

(g)    Failing to operate the Freightliner Fleet Tractor-Trailer in a reasonable and safe manner;

(h)    Failing to comply with all laws and regulations set forth by the State of Illinois, United States Department of Transportation, and all other regulatory/governing bodies regarding proper, careful and safe operation of a tractor-trailer; and

(i)    Other such negligence as further discovery may reveal.

66.    As a direct and proximate result of defendant Todd Anderson's breach of his duties, Plaintiff AFC Logistics, Inc. sustained property damage to the AFC Logistics Tractor-Trailer that was stationary at the time defendant Todd Anderson drove the Freightliner Fleet Tractor-Trailer into and pinned Jon against the stationary AFC Logistics Tractor-Trailer.

67.    As a direct and proximate result of defendant Todd Anderson's breach of his duties, Plaintiff AFC Logistics, Inc. has been caused to suffer damages as set forth above.

-15-

WHEREFORE, Plaintiff Jon Medley, Ann Medley and AFC Logistics, Inc. demands judgment in his favor and against defendant Todd Anderson in excess of $75,000.00, together with interest, costs, and all other relief deemed appropriate by this Court.

### COUNT VI – NEGLIGENCE
### *Respondeat Superior*
### AFC LOGISTICS, INC. v. THE PAPER CORPORATION

68.     Plaintiff incorporates by reference the facts and allegations contained in paragraphs 1 through 39, as though set forth fully herein

69.     At all times relevant hereto, defendant The Paper Corporation is directly and/or vicariously liable for the negligence acts and/or omissions of its employees, agents and/or representatives, including defendant Todd Anderson, while acting within the course and scope of their employment and/or agency with The Paper Corporation.

70.     At all times relevant hereto, defendant The Paper Corporation, acting through its employee, agent and/or representative Todd Anderson, owed a duty to the public, including but not limited to AFC Logistics, Inc., to exercise reasonable care and to operate the Freightliner Fleet Tractor-Trailer in a safe, reasonable and lawful manner..

71.     At all times relevant hereto, defendant The Paper Corporation, acting through its employee, agent and/or representative Todd Anderson, negligently, carelessly, and/or recklessly breached its duty of reasonable care by committing one or more of the following acts and/or omissions:

   (a)     Failing to keep an adequate, careful and proper lookout for other vehicles and/or pedestrians while driving, operating, maneuvering and/or controlling a vehicle on all public and private areas;

-16-

(b)    Failing to drive, operate, maneuver and/or control his vehicle in such a manner so as to avoid striking other vehicles, pedestrians and stationary objects, including open and obvious Tractor-Trailers;

(c)    Failing to insure that there are no vehicles, pedestrians and/or stationary objections positioned in the path of travel of the Freightliner Fleet Tractor-Trailer before initiating down that path;

(d)    Failing to maintain proper control of the Freightliner Fleet Tractor-Trailer;

(e)    Operating the Freightliner Fleet Tractor-Trailer at an excessively high rate of speed;

(f)    Operating the Freightliner Fleet Tractor-Trailer at an unreasonable rate of speed under prevailing conditions;

(g)    Failing to operate the Freightliner Fleet Tractor-Trailer in a reasonable and safe manner;

(h)    Failing to comply with all laws and regulations set forth by the State of Illinois, United States Department of Transportation, and all other regulatory/governing bodies regarding proper, careful and safe operation of a tractor-trailer; and

(i)    Other such negligence as further discovery may reveal.

72.    As a direct and proximate result of defendant The Paper Corporation's breach of its duties, Plaintiff AFC Logistics, Inc. sustained property damage to the AFC Logistics Tractor-Trailer that was stationary at the time defendant Todd Anderson drove the Freightliner Fleet Tractor-Trailer into and pinned Jon against the stationary AFC Logistics Tractor-Trailer.

73.    As a direct and proximate result of defendant The Paper Corporation's breach of its duties, Plaintiff AFC Logistics, Inc. has been caused to suffer damages as set forth above.

WHEREFORE, Plaintiff Jon Medley, Ann Medley and AFC Logistics, Inc. demands judgment in his favor and against defendant Todd Anderson in excess of $75,000.00, together with interest, costs, and all other relief deemed appropriate by this Court.

### COUNT VII – NEGLIGENCE
#### *Negligent Retention and Training*
#### AFC LOGISTICS, INC. v. THE PAPER CORPORATION

74.    Plaintiff incorporates by reference the facts and allegations contained in paragraphs 1 through 39, as though set forth fully herein.

75.    At all times relevant hereto, The Paper Corporation owed a duty to the public, including but not limited to AFC Logistics, to use reasonable care in hiring, training and supervising its Tractor-Trailer drivers, including but not limited to defendant Todd Anderson and to entrust its Tractor-Trailers to drivers who possess adequate training and experience.

76.    At all times relevant hereto, The Paper Corporation negligently, carelessly, and/or recklessly breached its duty of reasonable care by committing one or more of the following acts and/or omissions:

      (a)    Negligently hiring, training, supervising and/or retaining Todd Anderson;

      (b)    Negligently entrusting the Freightliner Fleet Tractor-Trailer to Todd Anderson;

      (c)    Failing to ensure that Todd Anderson had adequate qualifications, experience and training to operate the Freightliner Fleet Tractor-Trailer in an active loading dock;

      (d)    Other such negligence as further discovery may reveal.

77.    As a direct and proximate result of defendant The Paper Corporation's breach of its duties, Plaintiff AFC Logistics, Inc. sustained property damage to the AFC Logistics Tractor-

Trailer that was stationary at the time defendant Todd Anderson drove the Freightliner Fleet

Tractor-Trailer into and pinned Jon against the stationary AFC Logistics Tractor-Trailer.

78.     As a direct and proximate result of defendant The Paper Corporation's breach of

its duties, Plaintiff AFC Logistics, Inc. has been caused to suffer damages as set forth above.

WHEREFORE, Plaintiff Jon Medley, Ann Medley and AFC Logistics, Inc. demands

judgment in his favor and against defendant The Paper Corporation in excess of $75,000.00,

together with interest, costs, and all other relief deemed appropriate by this Court.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff hereby demands a

trial by jury on all issues.

Dated:     March 28, 2017

BY:      s/ Nicholas J. Parolisi, Jr.

**Counsel**
Douglas F. Fisher, Esq.
1650 Market Street | One Liberty Place
Suite 1800 |
Philadelphia, PA  19103-7395
Phone: 215.864.7000
Email:  Fisherd@whiteandwilliams.com
To be Admitted *Pro Hac Vice* for Plaintiffs

Nicholas J. Parolisi, Jr. (6201759)
LITCHFIELD CAVO LLP
303 W. Madison, Suite 300
Chicago, IL  60606
Phone: 312.781.6665
Email: Parolisi@litchfieldcavo.com